IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHAEL MORRELL SANDERS                             PLAINTIFF

v.                   Civil No. 06-2145

SHERIFF FRANK ATKINSON;
CAPT. MICHAEL CONGER;
LT. GAYLA JACKSON; NURSE
CRYSTAL REED; CPL. MIKE
RESTINE; SGT. KIM TAUBLEE;
SGT. JUSTIN RITTER; and
DR. TOM TINSMAN                                              DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Michael Morrell Sanders, a detainee of the Sebastian County Detention Center (SCDC), brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. The complaint was filed in forma pauperis (IFP) subject to a later determination of whether it should be served upon the defendants.

On September 12, 2006, the undersigned entered an order (Doc. 5) directing the plaintiff to sign and return an addendum to his complaint. The court received the addendum (Doc. 6) on September 19, 2006.

### I. Background

In his complaint, Sanders alleges he has been exposed to tuberculosis (TB). He states he has not been treated for the exposure.

Sanders has been incarcerated at the SCDC since January 23, 2006. *Addendum* at ¶ 1. He is incarcerated because of pending criminal charges. *Id.* at ¶ 2.

-1-

Sanders maintains he was exposed to TB due to the overcrowding at the facility. *Addendum* at ¶ 6. He indicates the facility did not have proper TB devices such as lights to kill airborne diseases. *Id.* During February, he volunteered to take a TB skin test. *Id.* at ¶ 1. Sanders indicates his skin test was positive. *Id.* at ¶ 7. He was then taken for a chest x-ray and diagnosed with TB. *Id.* Although he was diagnosed with TB, Sanders indicates Reed refused to provide him with medication. *Id.*

Sanders maintains Nurse Crystal Reed and Dr. Tinsman were deliberately indifferent to his serious medical needs. *Addendum* at ¶ 3 & ¶ 4. Sanders maintains Reed is not certified to read his x-rays or to dictate what medication he needs. *Id.* at ¶ 3. He asserts both Reed and Dr. Tinsman knew Sanders' TB skin test was positive but did nothing to ensure that he received appropriate treatment and did not prevent him from being further exposed to TB. *Id.* at ¶ 3 & ¶ 4.

Sanders was asked whether he had named Sheriff Atkinson, Captain Conger, Lt. Jackson, Cpl. Restine, Sgt. Taublee, and Justin Ritter as defendants solely because they are supervisors or are in the chain of command at the jail. *Addendum* at ¶ 5. He responded: "Yes." *Id.* He indicates each staff member has a duty to ensure the safety of each inmate and to ensure the safe running of the jail. *Id.* By not providing him with the medical treatment he needed, Sanders maintained the staff members "failed to protect my health as they had originally vowed in [their] sworn testimony upon hire."

## II. Discussion

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the

AO72A
(Rev. 8/82)

United States. "To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must show [1] a deprivation [under color of law] of [2] a right, privilege, or immunity secured by the Constitution or the laws of the United States." *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). "[T]o establish a violation of constitutional rights under § 1983, the plaintiff must prove that the defendant's unconstitutional action was the 'cause in fact' of the plaintiff's injury." *Butler v. Dowd*, 979 F.2d 661, 669 (8th Cir. 1992).

Sanders' claims against Sheriff Frank Atkinson, Captain Mike Conger, Lt. Gayla Jackson, Cpl. Mike Restine, Sgt. Kim Taublee, and Sgt. Justin Ritter are subject to dismissal. Sanders has not alleged any of these defendants were personally involved in making any decisions regarding his medical care. The fact that these individuals occupied supervisory positions at the detention center is insufficient to establish liability under § 1983. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). *See also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997)(no evidence the defendants were medical personnel or were personally involved in making medical decisions about the plaintiff's treatment); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995)(section 1983 liability requires personal involvement, or allegation that supervisor had knowledge of unconstitutional conduct and turned blind eye to it).

### III. Conclusion

Accordingly, I recommend that the claims against Sheriff Frank Atkinson, Capt. Michael Conger, Lt. Gayla Jackson, Cpl. Mike Restine, Sgt. Kim Taublee, and Sgt. Justin Ritter be dismissed on the grounds that the claims are frivolous and fail to state claims. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time).

AO72A
(Rev. 8/82)

We note that this leaves Sanders' claims against Nurse Reed and Dr. Tinsman. By separate order the undersigned will direct service of the complaint on Nurse Reed and Dr. Tinsman.

**Sanders has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Sanders is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 13th day of November 2006.

        /s/ Beverly Stites Jones
        UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)